UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUILDING SERVICE 32BJ PENSION FUND,<br><br>                    Plaintiff,<br><br>          -v.-<br><br>ALLIED CLEANING AND MAINTENANCE CORP. et al.,<br><br>                  Defendants. | 24 Civ. 8824 (JHR)<br><br>DEFAULT JUDGMENT |

JENNIFER H. REARDEN, District Judge:

On November 20, 2024, Plaintiff Building Service 32 BJ Pension Fund filed this action to recover, *inter alia*, unpaid withdrawal liability pursuant to Title VII of the Employee Retirement Income Security Act ("ERISA").  ECF No. 1.  Defendants Allied Cleaning and Maintenance Corp., Allied Cleaning and Maintenance Services, Inc., Allied Cleaning Services, Inc., 2917 LLC, and 3514 Rochambeau LLC were served with process on November 29, 2024.  ECF Nos. 17-21.  Their answers were therefore due on December 20, 2024.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint.").  Defendant Guardian Building Services, LLC was served with process on December 2, 2024, ECF No. 22, and its answer was therefore due on December 23, 2024, *see* Fed. R. Civ. P. 12(a)(1)(A)(i).  No Defendant has answered or otherwise appeared.

Upon Plaintiff's applications, ECF Nos. 46 and 58, the Clerk of Court issued certificates of default as to each Defendant, ECF Nos. 47, 59-63, on February 7, 2025.  On February 11, 2025, Plaintiff moved for a default judgment pursuant to Federal Rule of Civil Procedure 55.  ECF Nos. 64-66.  Plaintiff served its motion papers on Defendants by mail pursuant to Federal Rule 5(b)(2)(C).  *See* ECF No. 67.  On November 26, 2025, the Court directed Defendants to file any opposition to the motion for a default judgment by December 9, 2025.  ECF No. 68.

Plaintiff served Defendants with the Court's November 26 Order on December 1, 2025. ECF Nos. 69-74. Defendants did not oppose the motion.

The Court has reviewed Plaintiff's motion for a default judgment and supporting submissions. ECF Nos. 64-66. Because proof of service has been filed; Defendants have failed to answer the Complaint; the time for doing so has expired; and Defendants have failed to appear to contest the entry of a default judgment, the Court enters a default judgment for Plaintiff against Defendants, with declaratory, injunctive, and compensatory relief, plus costs, interest, and attorneys' fees to be determined at an inquest. *See Yung Xu v. Kealoha Sushi Inc.*, No. 19 Civ. 11885 (PAE), 2021 WL 1753749, at *1 (S.D.N.Y. May 4, 2021) (granting default judgment).

By separate Order, the Court will refer this case to Magistrate Judge Valerie Figueredo for an inquest. By **January 30, 2026**, Plaintiff shall serve this Order upon Defendants and file an affidavit reflecting such service.

The Clerk of Court is directed to terminate ECF No. 64.

SO ORDERED.

Dated: January 26, 2026
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

2